Citation Nr: 1339290 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 12-00 267 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to service connection for coronary artery disease, to include as due to herbicide exposure.


REPRESENTATION

Appellant represented by: North Carolina Division of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

D. Whitehead, Counsel

INTRODUCTION

The Veteran had active service from August 1965 to January 1969.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

In March 2013, the Veteran testified before the undersigned Veterans Law Judge during a video conference hearing. A transcript of the hearing has been associated with the record.

The record before the Board consists of the Veteran's paper claims file and an electronic file known as Virtual VA.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2013). 


FINDING OF FACT

The Veteran served in the Republic of Vietnam on temporary duty from July 1966 to November 1966 and subsequently developed coronary artery disease to a compensable degree; the evidence does not affirmatively establish that coronary artery disease is unrelated to the Veteran's exposure to herbicides in Vietnam.


CONCLUSION OF LAW

The Veteran's coronary artery disease is presumed to be the result of his exposure to herbicides during active service. 38 U.S.C.A. §§ 1110, 1116, 5107(b) (West 2002); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2013).

REASONS AND BASES FOR FINDING AND CONCLUSION

As a preliminary matter the Board notes the Veteran has been provided all required notice. In addition, the evidence currently of record is sufficient to substantiate the claim herein decided. Therefore, no further development is required under 38 U.S.C.A. §§ 5103, 5103A (West 2002 & Supp. 2013) or 38 C.F.R. § 3.159 (2013) in regard to that issue.

Legal Criteria

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. Service connection may be granted for any disease initially diagnosed after service, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

A veteran who, during active military, naval, or air service, served in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service. The last date on which such a veteran shall be presumed to have been exposed to an herbicide agent shall be the last date on which he or she served in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975. Service in the Republic of Vietnam includes service in the waters offshore and service in other locations if the conditions of service involved duty or visitation in the Republic of Vietnam. 38 C.F.R. § 3.307.

Effective August 31, 2010, VA amended 38 C.F.R. § 3.309(e) to add ischemic heart disease to the list of diseases associated with exposure to certain herbicide agents. The intended effect of this amendment is to establish presumptive service connection for the disease based on herbicide exposure.

If a veteran was exposed to an herbicide agent during active military, naval, or air service, and develops ischemic heart disease (including, but not limited to, acute, subacute, and old myocardial infarction; atherosclerotic cardiovascular disease including coronary artery disease (including coronary spasm) and coronary bypass surgery; and stable, unstable and Prinzmetal's angina) the disease shall be service-connected if the requirements of § 3.307(a)(6) are met even though there is no record of such disease during service, provided further that the rebuttable presumption provisions of § 3.307(d) are also satisfied. 38 C.F.R. § 3.309.

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary. The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). 

To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.

Analysis

The Veteran's service personnel records show that he served in the United States Air Force from August 1965 to January 1969. He was not shown to have any heart disability during his separation examination in December 1968.

A July 2000 private treatment record shows that the Veteran was diagnosed with triple-vessel coronary artery disease. Subsequent private and VA treatment records show treatment for this disorder. 

On his April 2011 notice of disagreement, the Veteran stated that during his active service, he was sent on temporary duty to Vietnam. He further stated that he was sent to Air Force bases in Nha Trang and Pleiku, Vietnam. In support of this contention, he highlighted that his service personnel records show that he was sent on temporary duty to South East Asia from July 1966 to November 1966. The Veteran also submitted evidence from the National Personnel Records Center which determined, after researching the Veteran's service personnel records, that the Veteran is entitled to awards that include the Republic of Vietnam Service medal and the Republic of Vietnam Gallantry Cross with Palm. He reiterated his contentions regarding his temporary duty assignment to Vietnam during the March 2013 hearing before the undersigned Veterans Law Judge. 

Concerning the Veteran's claimed service in Vietnam, the Board finds the Veteran to be credible. Official records document that the Veteran was stationed on temporary duty in South East Asia from July 1966 to November 1966. While official service records do not affirmatively show that the Veteran was specifically stationed in Vietnam, they also do not contradict the evidence confirming his service in South East Asia and the Veteran's contentions. With resolution of reasonable doubt in the Veteran's favor, the Board finds that the Veteran was on temporary duty in Vietnam from July 1966 to November 1966.

There is no dispute that the Veteran has coronary artery disease. In addition, there is no evidence affirmatively establishing that the disease is unrelated to his exposure to herbicides in Vietnam. Therefore, service connection is warranted for the disability on a presumptive basis.


ORDER

Service connection for coronary artery disease on the basis that it is presumed to be related to herbicide exposure in service is granted.



____________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs